```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| **LINDA M. GAUDIE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 10 C 6593 |
| **POTESTIVO APPRAISAL SERVICES, INC.,** | ) |
| **and CRAIG J. POTESTIVO,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Linda M. Gaudie ("Gaudie") brings this suit against Potestivo Appraisal Services, Inc., and Craig John Potestivo, (together "Potestivo") based on claims arising from plaintiff's purchase of a property.[1] Plaintiff alleges, among other things, that the May 4, 2006 and September 6, 2006 appraisals Potestivo performed on behalf of Gaudie's lender, Countrywide, were fraudulently or negligently inflated. Gaudie brings the following four counts against Potestivo: Credit Repair Organizations Act (Count I); common law fraud (Count II); Illinois Consumer Fraud Act (Count III); and negligent misrepresentation (Count IV). Potestivo

---

[1] On March 30, 2009, Gaudie filed a complaint in state court against defendant Countrywide Home Loans, Inc. ("Countrywide"), Landsafe Appraisal Services ("Landsafe"), Potestivo and Mortgage Electronic Registration Systems, Inc. ("MERS"). The case was removed to this court from state court in April 2009. Nearly a year later, Gaudie served Potestivo. On October 4, 2010, I granted Potestivo's motion to dismiss based on Gaudie's failure to serve Potestivo within the allowed timeframe. On October 14, 2010, Gaudie filed this case against Potestivo.

has moved to dismiss all counts. For the reasons that follow, the motion is denied.

## I.

Rule 12(b)(6) permits a court to dismiss a claim where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The facts must provide the defendant with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.*

Plaintiff's claims that are based on "a course of fraudulent conduct" are subject to the heightened pleading standard of Rule 9(b). *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Rule 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake."

Fed. R. Civ. P. 9(b). The circumstances of fraud or mistake include the "identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

**Count I: Credit Repair Organizations Act**

Potestivo moves to dismiss Gaudie's claim against it based on the federal Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq*. Under § 1679b, it is a violation for any "person" to "make any statement . . . which is untrue or misleading . . . with respect to any consumer's credit worthiness, credit standing, or credit capacity to any person to whom the consumer has applied or is applying for an extension of credit. 15 U.S.C. § 1679b(a)(1)(B)(ii). Gaudie alleges that Potestivo violated § 1679b by overstating the two appraisals at the center of this case, and then forwarding those false appraisals to Countrywide. Potestivo argues for dismissal because its appraisals did not "bear[] upon" Gaudie's "credit worthiness, credit standing or credit capacity."[2] Specifically, Potestivo asserts that the "appraisals do not relate to any information regarding Gaudie's

---

[2] Potestivo also argues that this claim should be dismissed because appraisals are not statements of fact. For all the reasons given *infra*, it is premature to make that determination at this stage.

3

income, assets, debts or general financial condition. . . ." Def.'s Mem. at 6.[3]

I do not agree that the appraisals at issue do not bear upon Gaudie's credit worthiness. Potestivo's appraisals directly determined the value Countrywide assigned plaintiff's property. The value assigned to the property determined whether or not Gaudie qualified for the loans she sought, and thus went directly to Gaudie's creditworthiness. As a result, Gaudie's CROA claim survives.[4]

**Count II: Fraud**

Turning to Gaudie's common law fraud claim, she ultimately will have to prove: (1) a false statement of material fact; (2) which defendant knew or believed to be false; (3) with the intent to induce plaintiff to act; (4) plaintiff justifiably relied upon the truth of the statement; and (5) she suffered damage from such reliance. *Soules v. Gen. Motors Corp.*, 402 N.E.2d 599, 601

---

[3] Potestivo argues in its reply brief that it cannot violate the CROA because it is not part of the credit repair industry. I deem that argument waived as it was not properly presented in the original motion and memorandum. *See Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004).

[4] I recognize that Gaudie puts forward two contradictory theories, which is proper under Rule 8. On the one hand, she alleges that she and Countrywide relied on Potestivo's fraudulent appraisals to their detriment. On the other hand, she maintains that Countrywide directed Potestivo to provide the appraisal amounts. Under the former theory, Potestivo's appraisals were used by Countrywide to determine the value of the property and thus critical to the determination of whether or not Gaudie qualified for the loans she sought.

4

(Ill. 1980). Potestivo argues that plaintiff has failed to plead with particularity the circumstances constituting fraud as required by Rule 9(b).

The Seventh Circuit has explained that "Rule 9(b) ensures that a plaintiff [has] some basis for his accusations of fraud before making those accusations and thus discourages people from including such accusations in complaints simply to gain leverage for settlement or for other purposes." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992). A plaintiff who provides a "general outline of the alleged fraud scheme" sufficient to "reasonably notify the defendants of their purported role in the scheme" satisfies Rule 9(b), so long as the plaintiff states the "time, place and content of the alleged communications perpetrating the fraud.". *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992). However, "the particularity requirement of Rule 9(b) must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim[.]" *Corley v. Rosewood Care Ctr.*, 142 F.3d 1041, 1051 (7th Cir. 1998). When details of the fraud are "within the defendant's exclusive knowledge," specificity requirements are less stringent, *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994), and, in that case, allegations based on information and belief may be considered, provided that the complaint includes the specific facts on which the belief is

based. *W. United Life Assur. Co. v. Fifth Third Bank*, No. 02 C 7315, 2003 WL 444417, at *3 (N.D. Ill. Feb. 19, 2003).

Plaintiff has alleged sufficient facts which, even under Rule 9(b)'s heightened pleading standard, put Potestivo on notice of her fraud claim.  She very clearly states the facts surrounding the allegedly fraudulent appraisals: In May 2006 and September 2006 Countrywide hired Potestivo to appraise the property plaintiff sought to purchase.  She alleges that due to pressure from Countrywide, Potestivo inflated the value it assigned to the property in each appraisal.  She also explained Potestivo's motivation, noting that Potestivo had performed thousands of appraisals for Countrywide, had been an approved appraiser for Landsafe (Countrywide's corporate unit for residential appraisals) since 2000 and personally knew many of the Countrywide branch personnel in the Chicago area.  Further, in 2006, well over 50% of Potestivo's appraisals were performed for Landsafe/Countrywide, and well over 50% of Potestivo's income came from Landsafe.  As a result, in 2006, Craig Potestivo was dependent for his livelihood on the work he received from Landsafe and wanted to maintain that volume of work.  Plaintiff goes on to explain that Countrywide and its affiliates controlled such a large market share for home loans and appraisal management services that appraisers like Potestivo had to do work for Countrywide/Landsafe and had to give them the appraised values they desired if the appraisers wanted to work in

6

that field. If appraisers did not give Countrywide/Landsafe the appraised values required, those appraisers were put on Countrywide's "blacklist" and did not get any further appraisal assignments. Countrywide also would ask mortgage brokers with whom it did business not to use the blacklisted appraisers.

I conclude that plaintiff has sufficiently pled a fraud claim against Potestivo based on the allegedly fraudulent appraisals. While she makes some of her allegations based "on information and belief," she has "stated the grounds for [her] suspicions[.]" *Uni\*Quality*, 974 F.2d at 924 ("[A]llegations based on information and belief, even if the facts are inaccessible to the plaintiff, are insufficient unless plaintiff states that grounds for his suspicions[.]"). She provides sufficient detail alleging the who, what, where and why of the alleged fraudulent scheme.

**Count III: Illinois Consumer Fraud and Deceptive Practices Act**

Under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA"), plaintiff must ultimately prove the following: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (2002).

Potestivo argues that the ICFA claim should be dismissed because Illinois treats appraisals as mere opinions that cannot be considered actionable misrepresentations. However, the only case cited by Potestivo for this proposition, *Sampen v. Dabrowski*, 584 N.E.2d 493 (Ill. App. Ct. 1991), "does not support this allegation of a categorical rule." *Zions First Nat'l Bank v. Green*, No. 07C3760, 2007 WL 4109125, *4 (N.D. Ill. Nov. 16, 2007). Rather, it suggests that the issue is dependent on the facts at hand. Further, there are no controlling Illinois Supreme Court cases on point and at least one Illinois state case suggests that it is at least possible that a mistaken appraisal might be actionable as a factual statement. *See generally Duhl v. Nash Realty, Inc.*, 429 N.E.2d 1267, 1273-74 (Ill. App. Ct. 1981) ("[A]ccepting plaintiffs' allegations as true, it follows that the defendants' [estimate of value] in this case could be found to have been meant by the parties to be understood as statements of fact to be relied upon rather than as expressions of mere opinion to be accepted solely as such."). It would be premature at this stage to conclude that the appraisals at issue could not be fraudulent misstatements of fact. At this stage, plaintiff has alleged sufficient facts to put Potestivo on notice of her ICFA claim. Potestivo's motion to dismiss Count III is denied.

**Count IV: Negligent Misrepresentation**

In a negligent misrepresentation claim, plaintiff must ultimately prove: (1) a false statement of material fact, (2) the defendant's carelessness in ascertaining the truth of the statement, (3) intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, and (5) damage to the other party resulting from such reliance. *Kopley Group V., L.P. v. Sheridan Edgewater Props.*, 876 N.E.2d 218, 228 (Ill. App. Ct. 2007).

Potestivo argues that plaintiff may not bring this tort claim because of the application of the economic loss doctrine set forth in *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 448-49 (Ill. 1982). The *Moorman* doctrine bars tort recovery for purely economic losses. *Id*.

Plaintiff does not challenge the application of the *Moorman* doctrine, but attempts to avoid it by arguing that Potestivo falls within the information-provider exception, which allows that economic loss may be recovered when "one who is in the business of supplying information for the guidance of others in their business transactions makes negligent misrepresentations." *Moorman*, 435 N.E.2d at 452. At least one Illinois Appellate Court has indicated that appraisers, such as Potestivo, are in the business of supplying information for the guidance of others in their business transactions. *See Lake County Grading Co. of Libertyville, Inc. v.*

9

*Great Lakes Agency, Inc.*, 589 N.E.2d 1128 (Ill. App. Ct. 1992) (stating that *Moorman*'s exceptions include "negligent misrepresentation by one who is in the business of supplying information . . . such as surveyors, credit bureaus, newspapers, auditors, credit bureaus, termite inspectors *and appraisers*.").[5] In light of this, I conclude that plaintiff's negligent misrepresentation claim survives.

### III.

For all the foregoing reasons, Potestivo's motion to dismiss is denied.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**
United States District Judge

Dated: April 18, 2011

---

[5] Potestivo relies on Judge Gettleman's opinion in *First Place Bank v. Skyline Funding, et al.*, No. 10 C 2044 (N.D. Ill. Mar. 4, 2011) to argue that Potestivo does not fit the exception to *Moorman*. However, I respectfully disagree with the holding in *First Place Bank*. In that opinion, Judge Gettleman relied on a state court case to conclude that the information-provider exception could not apply where the complaint did not expressly state that the appraiser was in the business of supplying information to its customers. I do not conclude that, under federal notice pleading standards, such a statement is necessary.